UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>J. YATES, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-0671-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 20)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

    Plaintiff Rickey Adams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On September 2, 2011, the Court issued an Order denying Plaintiff's Motion to set a schedule for discovery and pre-trial motions. (ECF No. 20.) In the same Order, the Court granted Plaintiff's Motion to File an Amended Complaint. (Id.) Plaintiff was to file his Amended Complaint by October 3, 2011. (Id.) This deadline has passed. Plaintiff has not filed an Amended Complaint or a request for an extension of time within which to do so.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's September 2, 2011 Order. The October 3, 2011 deadline to respond has expired.. (Order, ECF No. 20.) Accordingly, within no more than **thirty (30) days** of the date of entry of this Order, Plaintiff shall file an Amended Complaint or show cause why his case should not be dismissed for failure to comply with a Court order and failure to state a claim. **Failure to meet this deadline will result in dismissal of this action** for failure to prosecute.

IT IS SO ORDERED.

Dated:   November 17, 2011          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE