UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ADAMS, | CASE NO.   10-cv-671-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 24) |
| J. YATES, et al. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff Rickey Adams ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on August 13, 2009 in Fresno County Superior Court. (ECF No. 1.)  Defendants removed the action to this Court on April 15, 2010.  (Id.) Plaintiff's motion to remand was denied. (ECF Nos. 4, 14, & 15.) On July 18, 2011, prior to the Court screening Plaintiff's original Complaint, Plaintiff filed a First Amended Complaint. (ECF No. 24.) Plaintiff's First Amended Complaint is now before the Court for screening.  It fails to state a claim.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1  such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
2  thereof, that may have been paid, the court shall dismiss the case at any time if the court
3  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
4  granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint must contain "a short and plain statement of the claim showing that the
6  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
8  mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___; 129 S.
9  Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
10 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
11 plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).
12 Facial plausibility demands more than the mere possibility that a defendant committed
13 misconduct and, while factual allegations are accepted as true, legal conclusions are not.
14 Id. at 1949-50.

15 **II.     PLAINTIFF'S CLAIMS**

16      Plaintiff was housed at Pleasant Valley State Prison ("PVSP") during the time of the
17 events alleged in his First Amended Complaint.  He has since been transferred to
18 California State Prison, Los Angeles County. Plaintiff alleges that the following individuals
19 violated the Eighth Amendment by subjecting him to cruel and unusual punishment: 1) J.
20 Yates, warden, 2) N. Erickson, 3) L. Rumbles, 4) W. Brumbaugh, 5) C. Huckabay, 7) N.
21 Grannis, and 8) S. Hubbard.

22      Plaintiff asks for $100,000 in compensatory damages, punitive damages and
23 injunctive relief.

24      Plaintiff's Complaint consists of short conclusory allegations. He alleges as follows:
25      On November 3 and/or November 6 2008, Plaintiff was subjected to cruel and
26 unusual punishment by Defendants Erickson and Rumbles' falsifying disciplinary reports
27 and placing Plaintiff in Administrative Segregation ("Ad-Seg") without due process. (Am.
28 Compl. at 4.) On November 24, 2009, Plaintiff was found not guilty of the allegations and

released from Ad-Seg. (Id.)

After Plaintiff was released from Ad-Seg, Defendants Erickson, Rumbles and Brumbaugh schemed to retaliate against Plaintiff. (Am. Compl. at 4.) From November 16-20, 2008, Plaintiff was denied privileges given to other AIA inmate. (Id. at 4-5.)

Plaintiff filed an administrative appeal 602 against Defendants Erickson, Rumbles, and Brumbaugh, to alert the prison staff to Defendants' unprofessional and unethical conduct. (Am. Compl. at 5.) Defendant Huckabay refused to process the appeal. (Id.) On December 24, 2009, Plaintiff complained to Defendant Yates regarding the conspiracy of retaliation against him and asked for an investigation of Defendants Erickson, Rumbles, and Brumbaugh's conduct. (Id. at 6.) Defendant Yates failed to respond and allowed the retaliatory conduct to continue. (Id.) On April 3, 2009, Defendants Brumbaugh, Erickson, and Rumbles subjected Plaintiff to retaliatory cell searches, property damage, and verbal abuse. (Id. at 5.) Also on April 3, 2009, Defendant Brumbaugh, on Defendant Rumbles' instructions, conducted body searches on Plaintiff as a result of Plaintiff's staff complaint. (Id.)

On May 15, 2009, Defendant Grannis refused to direct Defendants Huckabay or Yates to process Plaintiff's appeal, thereby sanctioning Defendants Erickson, Rumbles, and Brumbaugh's actions. (Am. Compl. at 6.)

### III. ANALYSIS

#### A. Section 1983 Standards

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See

-3-


West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### B. Linkage Requirement

Under Section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his or her own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has not linked Defendants Yates, Grannis, Huckabay, and Hubbard to any of the harms he claims to have suffered. Plaintiff fails to attribute any action to Defendant Hubbard. Plaintiff alleges only that Defendant Yates in some unexplained manner became aware of the injustices to which Plaintiff was being subjected, Defendant Grannis did not direct other Defendants to process Plaintiff's appeals, and Defendant Huckabay did not process his appeals. Plaintiff fails to explain how these Defendants directly violated his rights. He has not sufficiently linked each Defendant to his claims. If Plaintiff chooses to file an amended complaint, he must explain what action each of these Defendants took that violated Plaintiff's rights and apply the standards set forth here to determine if it is

possible to state a claim against each named Defendant.

### C. Retaliation Claim

Though not explicitly alleged, Plaintiff appears to be claiming that Defendants Erickson, Rumbles, and Brumbaugh retaliated against him in violation of his rights under the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

It appears that Defendants Erickson and Rumbles filed false disciplinary reports; Defendants Erickson, Rumbles and Brumbaugh conducted cell searches, damaged Plaintiff's property, and verbally abused Plaintiff; and Defendant Brumbaugh conducted an illegal body search on Plaintiff. Plaintiff has failed to provide sufficient facts and circumstances relating to these allegations to enable the Court to determine if they were truly adverse and based on retaliatory motives. From the existing pleading, it appears that the claim of retaliation is based entirely on speculation, and perhaps genuine belief, on the part of Plaintiff. However, the acts described are those that one might anticipate happening in a prison environment.

The second prong of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines

v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Here, again, Plaintiff's allegations seem to be based purely on conjecture and the sequence of events. However, Plaintiff filed his grievance in January 2009, and the alleged retaliation for it came almost three months later in April 2009. Plaintiff must provide more facts which the Court could interpret as supporting his belief that the actions were retaliatory.

In terms of the third prong, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Here Plaintiff has alleged that he filed a grievance against Defendants Erickson, Rumbles and Brumbaugh. Plaintiff has satisfied this prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). For the same reasons that the Court cannot determine if these Defendants subjected Plaintiff to adverse actions, the Court cannot determine if the actions attributed to these Defendants would have had a chilling effect on a person of ordinary firmness. Plaintiff should include additional explanation of the events underlying his complaint so that the Court may determine if they could have had a chilling effect on Plaintiff.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff does not address this prong in his First Amended Complaint, and with the limited facts pled, the Court cannot determine whether there were legitimate penological goals

Defendants Erickson, Rumbles and Brumbaugh sought to achieve by their actions. Plaintiff has failed to satisfy this prong.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of a retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. Plaintiff will be given leave to amend this claim.

### D.   **Fourteenth Amendment**

#### 1.   Due Process - Grievance Procedures

It also appears that Plaintiff may have wished to bring a claim regarding the prison grievance process, and various Defendants unwillingness to process his appeals

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure. Plaintiff will not be given leave to amend this claim.

#### 2.   Due Process - Ad-Seg Placement

Plaintiff briefly touches on his due process rights being violated by his placement in Ad-Seg.

When a prisoner is placed in Ad-Seg, prison officials must, within a reasonable time,

conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. Hewitt v. Helms, 459 U.S. 460, 476 (1983), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995). Before review, the prisoner must receive some notice of the charges and be given an opportunity to respond. See Hewitt, 459 U.S. at 476; Mendoza v. Blodgett, 960 F.2d 1425, 1430 (9th Cir. 1992), abrogated in part on other grounds, Sandin, 515 U.S. 472; Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. 472. The prisoner is not entitled to "detailed written notice of charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint, 801 F.2d at 1100–01 (citations omitted).

Plaintiff has failed to state a claim for violation of due process rights. Plaintiff was allegedly placed in Ad-Seg based on false accusations. He was eventually found not-guilty of the accusations and released from Ad-Seg soon thereafter. Plaintiff appears to have been provided with notice regarding his Ad-Seg placement and a procedure to seek and actually gain his release from Ad-Seg. There was thus no violation of his due process rights from this sequence of events. Plaintiff will not be given leave to amend this claim.

### E.  Eighth Amendment - Conditions of Confinement

Plaintiff makes the actual allegation that he was subject to cruel and unusual punishment as a result of Defendants' actions. Although the acts alleged by Plaintiff could conceivably support a retaliation claim if the criteria set out above were met, the acts do not constitute cruel and unusual punishment. (Plaintiff should bear this in mind when determining whether and how to amend.)

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31, (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v.

Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

"To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' occurring through 'deliberate indifference' by prison personnel or officers." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981), Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). However, temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern, 45 F.3d 1310 (9th Cir. 1995).

Here Plaintiff has not alleged either element of a conditions of confinement claim, and has not directly linked any Defendant to this claim. Plaintiff will be given leave to amend, but, as noted, he may be better served focusing his energies on his retaliation claim.

**IV.   CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's First Amended Complaint, filed July 18, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  May 24, 2012          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE