# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ADAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. YATES, et al.,<br><br>　　　　Defendant. | Case No.  1:10-cv-0671-AWI-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>ECF Nos. 44, 45, 48, 49 |

　　Plaintiff Rickey Adams ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

　　On May 22, 2013, Plaintiff filed a motion asking the Court to direct Defendants Brumbaugh and Erickson to respond further to a number of Plaintiff's interrogatories. (ECF No. 44.)  Defendants Brumbaugh and Erickson filed an opposition.  (ECF No. 46.)

　　Then, on June 10, 2013, Plaintiff filed a motion asking the Court to direct Defendants Brumbaugh and Erickson to respond further to certain of Plaintiff's requests for production of documents.  (ECF No. 45.)  Defendants have filed opposition to that motion alsol.  (ECF No. 47.)

　　After these first set of motions, Plaintiff filed two additional motions regarding Defendants' inadequate responses to Plaintiff's requests for production of documents. (ECF Nos. 48, 49.)  Defendants filed a single opposition to these motions.  (ECF No.

1

50.) Pursuant to Local Rule 230(*l*) Plaintiff's motions are now before the Court.

## I.    DISCOVERY STANDARDS

### A.    Motion to Compel

The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett

v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### B.     Interrogatories

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

### C.     Requests for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

## II.    ANALYSIS

Plaintiff's motions to compel are incomplete and, as such, inadequate.  The motions do not include a complete copy of the discovery requests and a complete copy of Defendants' responses or any explanation as to why the requested information is discoverable. The Court is unable to determine what was requested, whether the information requested was discoverable, how Defendants responded, or the manner in

3

which their responses are believed to be inadequate.

Accordingly, Plaintiff's motions (ECF Nos. 44, 45, 48, & 49), are DENIED without prejudice to Plaintiff refilling them with the requisite information alluded to above. In the event Plaintiff does re-file, Defendants reserve the right to argue that their rights have been prejudiced by Plaintiff's failure to file a proper motion within the time provided by law.

IT IS SO ORDERED.

Dated:   November 1, 2013                      /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE