UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY ADAMS, | Case No.  1:10-cv-0671-AWI-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| N. ERICKSON, et al., | **(ECF No. 59)** |
| Defendants. | **FOURTEEN DAY OBJECTION DEADLINE** |

**I.      PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds against Defendants Erickson, Rumbles, and Brumbaugh on Plaintiff's First Amendment retaliation claim. (ECF No. 37.)

On December 26, 2013, Defendants filed a motion for summary judgment. (ECF No. 59.) Plaintiff filed an opposition on March 17, 2014. (ECF No. 64.) The time to file reply documents has passed and none were filed. This matter is deemed submitted pursuant to Local Rule 230(*l*).

1    **II.    LEGAL STANDARD**

2          Any party may move for summary judgment, and the Court shall grant summary

3    judgment if the movant shows that there is no genuine dispute as to any material fact

4    and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash.

5    Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

6    whether it be that a fact is disputed or undisputed, must be supported by (1) citing to

7    particular parts of materials in the record, including but not limited to depositions,

8    documents, declarations, or discovery; or (2) showing that the materials cited do not

9    establish the presence or absence of a genuine dispute or that the opposing party

10   cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). The

11   Court may consider other materials in the record not cited to by the parties, but it is not

12   required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist.,

13   237 F.3d 1026, 1031 (9th Cir. 2001).

14
15
16         Plaintiff bears the burden of proof at trial, and to prevail on summary judgment,

17   he must affirmatively demonstrate that no reasonable trier of fact could find other than

18   for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

19   Defendants do not bear the burden of proof at trial and, in moving for summary

20   judgment, they need only prove an absence of evidence to support Plaintiff's case. In re

21   Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

22
23         In judging the evidence at the summary judgment stage, the Court may not make

24   credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984.  It

25   must draw all inferences in the light most favorable to the nonmoving party and

26   determine if a genuine issue of material fact precludes  judgment, Comite de Jornaleros

27   de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

28
                                                2

III.   **FACTUAL SUMMARY**

The Court finds that the following facts are undisputed. (ECF Nos. 59-3, 65.)

Plaintiff alleges that Defendant Rumbles retaliated against him for a verbal confrontation that occurred on October 22, 2008, and that Defendants Erickson and Brumbaugh retaliated against him on behalf of Rumbles.

On October 22, 2008, Defendant Rumbles ordered Plaintiff to step away from his cell window and sit on his bunk. Plaintiff refused. Plaintiff claims that Defendant Rumbles stated, "I'll deal with your black ass later."

On November 6, 2008, Defendant Erikson wrote a Rules Violation Report (RVR) accusing Plaintiff of having engaged in sexual misconduct on November 3, 2008. Defendant Erickson alleged that she observed Defendant masturbating in his bunk and looking down at the Officer's Podium where Defendant Erickson was located.[1]

On November 13, 2008, Plaintiff wrote an appeal regarding the October 22, 2008 incident involving Defendant Rumbles.

On December 10, 2008, Plaintiff was found "not guilty" of the November 3, 2008 sexual misconduct because the investigating officer could not see Plaintiff's bunk when seated directly behind the Officer's Podium, and because Defendant Erickson's RVR statement that she saw Plaintiff looking down at her conflicted with her testimony that she could not see Plaintiff's face while seated behind the Podium.

On December 30, 2008, another correctional officer gave Defendant Rumbles a note that had been found in the prison medical box and addressed to Rumbles. The note was obscene and threatened to beat Rumbles and break her legs. The note was

---

[1] As discussed below, the parties vigorously dispute whether the allegations in Defendant Erickson's RVR are accurate, or even possible given the building's layout. However, it is undisputed that Erickson wrote an RVR alleging these acts.

3

typewritten but signed in longhand, "R. Adams." Rumbles wrote an RVR accusing Plaintiff of threatening her through the note. Plaintiff was found "not guilty" because there was no signature comparison to show Plaintiff had authored the note.

On April 3, 2009, Plaintiff was recently released from Administrative Segregation ("AdSeg") and was on the Facility A exercise yard. Defendant Brumbaugh was on the exercise yard, performed a "pat down" or clothed body search on Plaintiff, and asked Plaintiff whether there would be any further problems following Plaintiff's release from AdSeg.

## IV.   ANALYSIS

### A.   Legal Standard – First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing,

4

evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is similarly protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

**B.    Parties' Arguments**

Defendants argue that Plaintiff's retaliation claim against Erikson fails because (1) Plaintiff did not engage in constitutionally protected conduct prior to the November 3, 2008 RVR for sexual misconduct, (2) Plaintiff cannot show the absence of legitimate correctional goals for the November 3, 2008 RVR, and (3) there was no adverse action taken against Plaintiff that would chill a person of ordinary firmness. (ECF No. 59-1 at 14-18.) Defendant also submits evidence purporting to show that the allegations

5

contained in the November 3, 2008 RVR are true, and that Plaintiff was found not guilty because the investigator misunderstood whether Erickson was standing or sitting when she observed Plaintiff masturbating. (Id. at 9-10, ECF Nos. 59-3 at 2-5, 59-4, 59-7, 59-8.)

Defendants argue that Plaintiff's retaliation claim against Rumbles fails because (1) Plaintiff cannot show the absence of legitimate correctional goals for the December 30, 2008 RVR for the threatening note, and (2) no adverse action was taken that would chill a person of ordinary firmness from exercising constitutional rights. (ECF No. 59-1 at 18-20.)

Defendants argue that Plaintiff's retaliation claim against Brumbaugh fails because (1) Brumbaugh was not aware of Plaintiff's inmate appeal concerning Rumbles, (2) Plaintiff cannot show the absence of legitimate correctional goals in Brumbaugh's pat down search, and (3) the challenged action would not chill a person of ordinary firmness from exercising constitutional rights. (Id. at 20-22.) Defendants assert that Brumbaugh routinely pats down and questions inmates who are recently released from AdSeg. (Id. at 21, ECF Nos. 59-3 at 6-7, 59-6.)

Finally, Defendants argue that they are entitled to qualified immunity. (ECF No. 59-1 at 22-24.)

Much of Plaintiff's argument focuses on contesting Defendants' evidence.[2] (ECF Nos. 64, 65, 66.) Plaintiff argues that, contrary to Defendants' assertions, Defendants' evidence shows that it was not possible for Erickson to witness the alleged

---

[2] Plaintiff also asserts that Defendants' conduct constituted cruel and unusual punishment. (ECF No. 65 at 1.) However, the Court screened Plaintiff's complaint and concluded it did not state a cognizable claim for cruel and unusual punishment. (ECF Nos. 30 at 8-9, 34.) Additionally, the Court noted that Plaintiff had not been found guilty of either of the RVRs at issue here, and that Plaintiff therefore failed to state a due process claim. (ECF No. 34 at 9-10.)

masturbation from her position at the podium. (ECF Nos. 64 at 2; 65 at 2-3; 66 at 2, 5, 8.) Plaintiff concedes that Defendant Rumbles was "forced to error [sic] on the side of caution" due to the threatening nature of the note she received, but appears to argue that the signature of "R. Adams" on the note was not sufficient for her to suspect the note was written by Plaintiff. (ECF Nos. 64 at 2; 65 at 4; 66 at 3, 6.) Plaintiff also argues that he was released from AdSeg to Facility A several days prior to the search by Defendant Brumbaugh, and that his release from AdSeg therefore was not the motivating factor for the search. (ECF Nos. 64 at 3; 65 at 4; 66 at 2-3, 7.) Based on the foregoing, Plaintiff alleges there are genuine issues of material fact that preclude summary judgment in Defendants' favor. (ECF No. 66 at 1.)

**C.   Discussion**

Many of the facts in this case, and particularly those surrounding Defendant Erickson's RVR, are hotly contested. However, the facts in dispute are not material to the resolution of Plaintiff's claims. Considering the facts in the light most favorable to Plaintiff, Comite de Jornaleros, 657 F.3d at 942, Defendants have proved an absence of evidence to support Plaintiff's case, Oracle Corp., 627 F.3d at 387. Accordingly, for the reasons set forth below, the Court will recommend that Defendants' motion for summary judgment be granted.

**1.   Defendant Erickson**

Plaintiff alleges that Defendant Erickson's RVR was written in retaliation for Plaintiff's October 22, 2008 refusal to obey a verbal order from Defendant Rumbles. However, Plaintiff's refusal to obey an order was not activity protected under the First Amendment. See Rhodes, 408 F.3d at 567 (First Amendment retaliation claim requires that a state actor took adverse action against an inmate because of the inmate's

1    protected conduct).

2          Prison inmates retain only those First Amendment rights that are not inconsistent

3    with their status as prisoners or with the legitimate penological objectives of the

4    corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Beard v.

5    Banks, 548 U.S. 521, 529 (2006) (factors for determining whether prison regulation is

6    reasonably related to a legitimate penological interest). In the context presented here,

7    Plaintiff did not have a First Amendment right to refuse to comply with Defendant

8    Rumbles' order. To the contrary, Plaintiff's direct, face-to-face refusal to comply with a

9    correctional officer's order "present[ed] a danger of a disturbance and a disruption to

10   institutional order and discipline . . . ." See Nunez v. Ramirez, No. 09cv413 WQH (BLM),

11   2010 WL 1222058, *5 (S.D. Cal. March 24, 2010) (citing Brodheim, 584 F.3d at 1272-73

12   and Bradley v. Hall, 64 F.3d 1276, 1281 (9th Cir. 1995)); Morrison v. Hall, 261 F.3d 896,

13   907 (9th Cir. 2001); see also Cal. Code Regs. tit. 15, § 3005(b) (requiring that inmates

14   "promptly and courteously obey written and verbal orders and instructions from

15   [California Department of Corrections and Rehabilitation] staff").

16

17

18         Filing a grievance is protected conduct under the First Amendment, and Plaintiff

19   eventually did write an appeal against Defendant Rumbles for the October 22, 2008

20   incident. (ECF No. 59-3 at 5, ECF No. 65 at 3.) However, that appeal was not written

21   until November 13, 2008, seven days after Defendant Erickson wrote the RVR for

22   sexual misconduct. (Id.) Thus, Defendant Erickson's RVR could not have been written

23   "because of" Plaintiff's exercise of his protected right to appeal. See Brodheim, 584 F.3d

24   at 1271 (protected conduct must be "'substantial' or 'motivating' factor behind the

25   defendant's conduct").

26

27         There are no facts to indicate Plaintiff engaged in protected conduct prior to

28

Defendant Erickson writing the RVR. Accordingly, Defendant Erickson did not write the RVR "because of" Plaintiff's exercise of a First Amendment right, and Plaintiff's First Amendment retaliation claim against Erickson fails as a matter of law.

### 2.   Defendant Rumbles

Plaintiff alleges that Defendant Rumbles' RVR for the threatening note was written in retaliation for Plaintiff's October 22, 2008 refusal to obey Rumbles' order and Plaintiff's subsequent appeal concerning that incident. However, Plaintiff concedes that Rumbles was forced to "error [sic] on the side of caution" due to the threats contained in the note. (ECF Nos. 64 at 2; 65 at 4; 66 at 6.) Thus, Plaintiff appears to concede that Plaintiff's writing of an appeal was not the substantial or motivating factor in Rumbles' decision to initiate discipline against him. Brodheim, 584 F.3d at 1271.

In any event, the Court finds that Plaintiff cannot show that Rumbles lacked a legitimate penological interest in submitting the RVR. The note addressed to Rumbles was obscene, threatened to beat Rumbles and break her legs, and was signed "R. Adams." The nature of the note raised a substantial threat to institutional security and discipline and reflected that it came from Plaintiff. Morrison, 261 F.3d at 907 (institutional security is a legitimate correctional goal). No rational finder of fact could determine that Rumbles' decision to submit a RVR in these circumstances did not reasonably advance the legitimate correctional goal of institutional safety.

Accordingly, Defendants have proved an absence of evidence to support Plaintiff's case against Rumbles.

### 3.   Defendant Brumbaugh

In order to make out a claim against Defendant Brumbaugh, Plaintiff is required to show that Brumbaugh knew of, and retaliated for, Plaintiff's engaging in protected

speech. <u>Corales v. Bennett</u>, 567 F.3d 554, 568 (9th Cir. 2009). Defendants have submitted Brumbaugh's declaration, stating that he did not know of Plaintiff's inmate appeal against Rumbles. (ECF No. 59-6 at 2.) Defendants note that Plaintiff testified in his deposition that he saw Brumbaugh talking to a Control Booth Officer immediately prior to the pat down search, and that an unknown inmate told Plaintiff that the Control Booth Officer was Rumbles. (ECF Nos. 59-1 at 21, 63 at 35-41.) However, Plaintiff testified that he did not see the Control Booth Officer nor overhear the conversation. (ECF No. 63 at 39.) Defendants have submitted Rumbles' declaration, stating that she was not the Control Booth Officer on the day of the pat down. (ECF No. 59-5 at 3.)

Plaintiff has not submitted evidence to show that Brumbaugh knew of Plaintiff's inmate appeals. Instead, he argues that Brumbaugh's purported reason for the pat down search is pretextual because Plaintiff had been released from AdSeg several days prior to the search and thus the search was not motivated by Plaintiff's release from AdSeg. (ECF Nos. 64 at 3; 65 at 4; 66 at 2-3, 7.) However, Plaintiff points to no admissible evidence from which a trier of fact could conclude that Brumbaugh knew of his protected speech. Mere speculation that a defendant acted out of retaliation is not sufficient. <u>Pratt</u>, 65 F.3d at 808; <u>see also</u> <u>Cafasso v. Gen Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1061 (9th Cir. 2011) ("The evidence adduced . . . establishes only that this set of events could conceivably have occurred; it does not give rise to a reasonable inference that it did in fact occur. To find liability on this evidence would require undue speculation. To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Accordingly, Defendants have shown that there is an absence of evidence to support Plaintiff's case against Brumbaugh.

## VI.   CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff has not met his burden of putting forth sufficient evidence to raise a triable issue of fact.[3] Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment (ECF No. 59) be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 21, 2014          /s/ Michael J. Seng
                              UNITED STATES MAGISTRATE JUDGE

---

[3] Because the court resolves Defendant's motion for summary judgment in their favor on other grounds, it does not reach Defendants' qualified immunity argument.

11